```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

```
_____
                                    :
DAVID WILSON,                       :
                                    :
        Plaintiff,                  :   Civ. No. 11-7001 (NLH)
                                    :
    v.                              :   OPINION
                                    :
JAMES HAAS, et al.,                 :
                                    :
        Defendants.                 :
_____:
```

**APPEARANCES:**

David Wilson
168 Frontage Road
Northern State Prison
Newark, NJ 07114
    Appearing *pro se*

Matthew Lynch
Robert P. Preuss
State of New Jersey Department of Law & Public Safety
25 Market St.
P.O. Box 112
Trenton, NJ 08625
    Counsel for defendants

**HILLMAN, District Judge**

   Presently before the Court is the motion of plaintiff, David Wilson,[1] for reconsideration of the Court's various rulings

---

[1] In January 2012, plaintiff filed his complaint *pro se*, but in January 2013, plaintiff obtained counsel, who represented plaintiff through post-trial motions. On February 4, 2016, the Court granted counsel's request to be relieved as counsel, a request that plaintiff joined. Plaintiff is again appearing *pro se* and has filed his current motion on his own behalf.

during the pendency of the case, which concerns plaintiff's claims arising out of an altercation with another inmate at South Woods State Prison in Bridgeton, New Jersey on November 15, 2010. Plaintiff claims that his constitutional rights were violated by the correctional officers who intervened in the fight and the medical staff who treated him for his injuries.

After an initial screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e (Docket No. 13), and the consideration of defendants' motion for summary judgment (Docket No. 61), the Court dismissed plaintiff's equal protection, due process, and deliberate indifference to medical need claims. The Court permitted plaintiff's excessive force claim to proceed to trial. After a five-day trial before a jury, on January 27, 2016, the jury answered a set of special interrogatories to resolve disputed facts relating to the correctional officers' conduct during the November 15, 2010 incident. (Docket No. 100, 101.) As a result of the jury's answers to the interrogatories, the Court granted defendants' renewed motion for summary judgment finding that under the facts found by the jury the defendants were entitled to qualified immunity. (Docket No. 103.)

Plaintiff has now filed a motion for reconsideration, pursuant to Federal Civil Procedure Rules 59 and 60, to set aside the Court's decisions disposing of his due process,

deliberate indifference, and excessive force claims. (Docket No. 105.) He requests that the Court reinstate all of those claims and conduct a bench trial. Plaintiff also argues that several defense exhibits should not have been entered into evidence, that the jury was not composed of his peers, and that the jury interrogatories were too narrow.[2]

Rule 59 provides, in relevant part,

> (a) In General. (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . .
>
> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59.

The purpose of a motion under Rule 59 is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3)

---

[2] Plaintiff also states that an impending snow storm and a defendant who "faked sick" had a strong impact on his case, both of which warrant a new trial. Plaintiff further states that the events of the November 2010 incident should be referred to the FBI for investigation.

the need to correct clear error of law or prevent manifest injustice.  Id. (citation omitted).

    Rule 60(b) provides, in relevant part,

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;(4) the judgment is void;(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or(6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion. (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60.

    Motions under Rule 60(b) "may not generally substitute for an appeal."  Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (citations omitted).  Rather, relief under Rule 60(b) is available only under such circumstances that the "overriding interest in the finality and repose of judgments may properly be overcome."  Id. (citation omitted).  A Rule 60(b) motion "may not be used as a substitute for an appeal, and that legal error, without more" does not warrant relief under that provision.  United States v. Fiorelli, 337 F.3d at 288 (citation omitted).

4

After a thorough review and consideration of plaintiff's motion, the Court cannot grant any of plaintiff's requests. First, plaintiff presents his arguments collectively under both Rule 59 and Rule 60, without specifying which rule supports which request.  Although motions for reconsideration under Federal Rules of Civil Procedure 59 and 60 serve similar functions, each has a particular purpose, and each has a different filing deadline.  United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).  Even if the Court were to consider all of plaintiff's bases for relief to be timely under each rule, he is required to identify which rule supports which argument so that each rule's particular purpose is met.

Second, all of plaintiff's requests for relief simply amount to disagreement with the Court's decisions.  Plaintiff's claims for violations of due process and deliberate indifference to his serious medical need were comprehensively analyzed in the Court's prior Opinions.  Plaintiff's concerns regarding the admission of several defense exhibits, the composition of the jury, and the wording of the jury interrogatories were all the subject of argument and oral motions during trial.  "A motion for reconsideration cannot be used to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment."  Boretsky v. Governor of New Jersey, 433 F. App'x 73, 78 (3d Cir. 2011) (citation omitted).

5

Merely expressing disagreement with the Court's decisions is insufficient to warrant reconsideration.  Id.

Plaintiff states that "the 3rd Cir Court of Appeal has something to say about all of what's going on."  (Docket No. 113 at 2.)  The Court agrees that plaintiff's arguments in his motion are more appropriately raised through the appellate process.  See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998) (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 857 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994) ("Where the motion raises only a party's disagreement with a decision of the court, that dispute should be dealt with in the normal appellate process.")).  Consequently, plaintiff's motion for reconsideration will be denied.

An appropriate Order will be entered.


                                  __s/ Noel L. Hillman_____
                                  NOEL L. HILLMAN
                                  United States District Judge

Date: August 4, 2016
At Camden, New Jersey