UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DAVID WILSON,                       :
                                    :
        Plaintiff,                  :  Civ. No. 11-7001 (NLH)
                                    :
    v.                              :
                                    :  **OPINION**
JAMES HAAS, et al.,                 :
                                    :
        Defendants.                 :
_____:

**APPEARANCES:**

David Wilson
168 Frontage Road
Northern State Prison
Newark, NJ 07114
    Appearing *pro se*

Matthew Lynch
Robert P. Preuss
State of New Jersey Department of Law & Public Safety
25 Market St.
P.O. Box 112
Trenton, NJ 08625
    Counsel for defendants

**HILLMAN, District Judge**

This case arose out of an altercation plaintiff, David Wilson, had with another inmate at South Woods State Prison in Bridgeton, New Jersey on November 15, 2010. Plaintiff claimed that his constitutional rights were violated by the correctional officers who intervened in the fight and the medical staff who treated him for his injuries.

After an initial screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e (Docket No. 13), and the consideration of defendants' motion for summary judgment (Docket No. 61), the Court dismissed plaintiff's equal protection, due process, and deliberate indifference to medical need claims. The Court permitted plaintiff's excessive force claim to proceed to trial.

After a five-day trial before a jury, on January 27, 2016, the jury answered a set of special interrogatories to resolve disputed facts relating to the correctional officers' conduct during the November 15, 2010 incident. (Docket No. 100, 101.) As a result of the jury's answers to the interrogatories, the Court granted defendants' renewed motion for summary judgment, finding that under the facts found by the jury the defendants were entitled to qualified immunity. (Docket No. 103.) On August 4, 2016, the Court denied plaintiff's motion for reconsideration of several of the Court's rulings. (Docket No. 115.)

On February 16, 2017, plaintiff filed a motion for injunctive relief, requesting that the Court prevent his transfer back to South Woods State Prison because he feared for his safety. (Docket No. 120.) Plaintiff is currently

incarcerated at Bayside State Prison in Leesburg, New Jersey.[1]  (Docket No. 129.)  Plaintiff's motion for an injunction is therefore moot.

On April 24, 2017, plaintiff filed a motion for leave to file an appeal out of time.  (Docket No. 124.)  On the same day, he filed his notice of appeal.  (Docket No. 123.)  Plaintiff claims that he never received a copy of the Court's August 4, 2016 Opinion and Order denying his motion for reconsideration, which was the trigger date for the 30-day time period in which to file his appeal.  See Fed. R. App. P. 4(a)(4)(A).  This appears to be the result of plaintiff's transfer from Northern State Prison in Trenton, New Jersey to the Essex County Re-Entry Program in Newark, New Jersey in October 2016 (Docket No. 117), and then back to Northern State Prison in January 2017 (Docket No. 118).

Federal Appellate Procedure Rule 4(a)(5)(A) provides that if a motion for extension of time to file an appeal is filed after the 30-day time period, the district court may extend the time to file a notice of appeal if that party shows excusable neglect or good cause.  The Court finds that such good cause exists here.

---

[1] It does not appear from the record that plaintiff was transferred to South Woods.

For each transfer, plaintiff complied with Local Civil Rule 10.1(a) and provided the Clerk with his change of address. After notifying the Clerk that his address changed back to Northern State Prison in January 2017, he wrote the Clerk in February 2017 to confirm his change of address because he had not received any decision on his motion for reconsideration. (Docket No. 119.) On that same day he filed his motion for an injunction. (Docket No. 120.) In a letter docketed on April 13, 2017 (Docket No. 122), Plaintiff states that he never received a copy of the Court's decision on his motion, and it was not until Defendants filed a letter in response to his motion for an injunction (Docket No. 121), which referred to the Court's August 4, 2016 decision, that he became aware of the Court's ruling. One week later, he filed his appeal and the motion for leave to file his appeal out of time.

Because it appears that Plaintiff did not know until April 8, 2017 of the Court's decision and, concomitantly, his deadline to file an appeal, the Court finds that good cause exists for his failure to file an appeal within 30 days of the Court's August 4, 2016 decision. According to the appellate rules, Plaintiff's deadline for filing his appeal is fourteen days after the date of the Court's order granting Plaintiff's motion for an extension of time to file his appeal. Fed. R. App. P. 4(a)(5)(C). Plaintiff already filed his appeal on April 24,

2017, however, so the Court will enter the Order *nunc pro tunc*, and Plaintiff's appeal, in the view of this Court, will be deemed timely.

An appropriate Order will be entered.

                                              _s/ Noel L. Hillman_
                                              NOEL L. HILLMAN
                                              United States District Judge

Date: August 2, 2017
At Camden, New Jersey