```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
DAVID WILSON,                   :
                                :
        Plaintiff,              :     Civ. No. 11-7001 (NLH)
                                :
     v.                         :     OPINION
                                :
JAMES HAAS, et al.,             :
                                :
        Defendants.             :
_____:
```

APPEARANCES:

David Wilson
Northern State Prison
168 Frontage Road
Newark, NJ 07114
     Appearing pro se

Matthew Lynch, Esq.
Robert P. Preuss, Esq.
State of New Jersey Department of Law & Public Safety
25 Market St.
P.O. Box 112
Trenton, NJ 08625
     Counsel for defendants

HILLMAN, District Judge

   This matter comes before the Court upon Plaintiff's Motion for Reconsideration of this Court's Opinion and Order granting summary judgment in favor of Defendant James Haas, ECF No. 135, and Plaintiff's Motion to Amend the Complaint to add additional claims against Defendant Haas, ECF No. 136.  For the reasons explained below, the Court will deny the Motions.

1

I.   BACKGROUND

This case arose out of an altercation Plaintiff had with another inmate at South Woods State Prison in Bridgeton, New Jersey on November 15, 2010. After filing multiple amended complaints, Plaintiff retained counsel and filed a Third Amended Complaint. ECF No. 24. In it, Plaintiff claimed that his constitutional rights were violated by the correctional officers who intervened in the fight and the medical staff who treated him for his injuries. Also included as a defendant was the assistant administrator of South Woods State Prison, James Haas. All parties answered the Third Amended Complaint,[1] and the case proceeded through discovery.

The remaining Defendants filed a Motion for Summary Judgment on November 10, 2014. ECF No. 53. The Court granted summary judgment against Plaintiff on his equal protection, due process, and deliberate indifference to medical need claims. ECF Nos. 61 (opinion), 62 (order). As part of its ruling, the Court granted summary judgment in favor of Defendant Haas and dismissed him as a party in the action. See ECF No. 62. The Court permitted Plaintiff's excessive force claim against

---

[1] Plaintiff agreed to voluntarily dismiss with prejudice Defendant Nurse Guila Sacco-McCord after she filed an answer and asserted cross-claims against other defendants for contribution and indemnity. See ECF Nos. 32 (answer with crossclaim), 34 (stipulation of dismissal with prejudice).

certain other correctional officer defendants to proceed to trial. The Third Amended Complaint contained no allegation of excessive force against Defendant Warden Haas. See ECF No. 24.

After a five-day trial before a jury, on January 27, 2016, the jury answered a set of special interrogatories to resolve disputed facts relating to the correctional officers' conduct during the November 15, 2010 incident. ECF Nos. 100, 101. As a result of the jury's answers to the interrogatories, the Court granted the remaining Defendants' renewed Motion for Summary Judgment, finding that under the facts decided by the jury the Defendants were entitled to qualified immunity, and entered judgment in their favor. ECF Nos. 103 (order), 104 (judgment).

After the trial and entry of judgment, Plaintiff filed a motion for reconsideration of several of the Court's rulings, including the grant of summary judgment in favor of Defendant Haas. ECF No. 105. Plaintiff requested that the Court reinstate the claims on which the Court granted summary judgment and conduct a bench trial on those claims. Id. at 5-6. On August 4, 2016, the Court denied Plaintiff's motion for reconsideration of several of the Court's rulings. ECF Nos. 115 (opinion), 116 (order). In the opinion denying the motion to reconsider the grant of summary judgment, the Court noted that, "[P]laintiff's requests for relief simply amount to disagreement with the Court's decisions" in granting summary judgment and

that "Plaintiff's claims for violations of due process and deliberate indifference to his serious medical need were comprehensively analyzed in the Court's prior Opinions." ECF No. 115, at 5.

On October 13, 2017, Plaintiff filed another motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), which appears to seek reconsideration regarding the Court's grant of summary judgment in favor of Defendant Haas and his dismissal as a party. ECF No. 135. Plaintiff also filed a Motion to Amend the Complaint, to clarify which claims he seeks to assert against Defendant Haas and to add the New Jersey Department of Corrections as a defendant. ECF No. 136.

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiff's Motion for Reconsideration must be dismissed as untimely. Under Local Rule 7.1(i), motions for reconsideration must be filed within fourteen (14) days from the date of the order at issue unless otherwise provided by statute or rule. See Local Civ. R. 7.1(i) ("Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."). Pursuant to Federal Rule of Civil Procedure Rule 60, such a motion must be made must "within a

4

reasonable time" and for certain grounds, be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Summary judgment in favor of Defendant Haas was entered on June 29, 2015, and thus any motion for reconsideration should have been filed by July 13, 2015. Plaintiff's motion for reconsideration is therefore untimely and will be denied.[2]

    B. <u>Motion to Amend the Complaint</u>

Although this case has been closed and judgment was entered in favor of all remaining Defendants in 2016, Plaintiff seeks to amend his complaint pursuant to Federal Rule of Civil Procedure 15, in order to add Defendant Haas as a defendant in all causes of action pled and to add as a defendant South Woods State Prison. <u>See</u> ECF No. 136.

"Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' Fed. R. Civ. P. 15(a), the liberality of

---

[2] Even if it were timely, the Court would still be compelled to deny the Motion because the Court already considered and denied reconsideration of the order granting summary judgment in Defendant Haas's favor. <u>See</u> ECF Nos. 115 (opinion), 116 (order denying reconsideration). As the Court stated in its prior opinion on reconsideration, merely expressing disagreement with the Court's decisions is insufficient to warrant reconsideration. ECF No. 115 at 5 (citing <u>Boretsky v. Governor of New Jersey</u>, 433 F. App'x 73, 78 (3d Cir. 2011)). Plaintiff has presented no grounds that would justify reconsideration, and furthermore, the time for doing so has long since passed considering this matter already proceeded to trial and judgment.

5

the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments." Ahmed v. Dragovich, 297 F.3d 201, 207–08 (3d Cir. 2002). Courts "are free to recharacterize the motion to amend [as a Rule 59 or 60 motion] to match the substance of the relief requested." Id. at 208. Here, the Court declines to recharacterize the Motion as one occurring under either Federal Rule of Civil Procedure 59 or 60, because such a motion is untimely pursuant to Local Rule 7.1(i) and also untimely in the sense that this matter has already proceeded to trial and judgment. For these reasons, the Motion to Amend will be denied.

III. CONCLUSION

For the reasons stated above, the Motion for Reconsideration, ECF No. 135, and the Motion to Amend the Complaint, ECF No. 136, are denied. An appropriate order follows.

Dated: April 24, 2018          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.